UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLEN ZALESKI,<br><br>    Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>    Defendant. | Civil Action No. 20-30049-MGM |

MEMORANDUM & ORDER REGARDING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(Dkt. No. 24)

January 3, 2023

MASTROIANNI, U.S.D.J.

This action arises from injuries Plaintiff Allan Zaleski[1] sustained as a result of an incident that occurred during a May 2018 visit to the Costco retail store in West Springfield, Massachusetts. Specifically, a Costco employee transporting a large item to the front of the store bumped into Plaintiff's shopping cart while Plaintiff was looking at items on a display table. The shopping cart then made contact with Plaintiff's back, causing injuries. Plaintiff contends Defendant Costco Wholesale Corporation is liable via respondeat superior for its employee's negligent failure to warn customers of a dangerous condition and negligent failure to perform his duties in a reasonably safe manner, as well as Defendant's negligent failure to properly train its employees. Defendant now seeks summary judgment. For the reasons set forth below, Defendant's Motion for Summary Judgment is granted in part and denied in part.

---

[1] The filings contain various spellings of Plaintiff's first name (e.g., "Allen," "Allan," "Alan"). In the caption, the court uses the spelling that appears on the CM/ECF docket. Here, the court uses "Allan" because that is the version that appears most frequently in Plaintiff's own filings and in his deposition (and seems to be the correct spelling). Throughout this order, the court will refer to Plaintiff simply as "Plaintiff."

### I. Background

The facts stated in this section are undisputed unless otherwise noted. On May 3, 2018, Plaintiff and his wife were Costco members shopping at Defendant's West Springfield, Massachusetts location. (Dkt. No. 34 at ¶ 2). Plaintiff was pushing a shopping carriage as he and his wife made their way down one of the main aisles, heading toward the back of the store. (Dkt. No. 34-1 at ¶¶ 1, 3; Dkt. No. 26-3 at 38:8–16). Before long, Plaintiff's wife stopped to look at cargo shorts on a display table located near the front half of the store and called for Plaintiff to look as well. (Dkt. No. 26-3 at 38:17–24; Dkt. No. 34-1 at ¶ 1). Plaintiff approached the display table, situated himself to the right side of his wife, and placed the shopping carriage about 12 inches to his right, with the handle facing him. (Dkt. No. 34-1 at ¶ 3; Dkt. No. 26-3 at 40:3–6, 42:1–17, 72:15–18). Plaintiff then let go of the carriage and turned toward his wife, such that the carriage handle was located behind Plaintiff while he and his wife looked at the cargo shorts on display. (Dkt. No. 26-4 at 12:20–13:1; Dkt. No. 26-3 at 41:4–7, 55:15–21, 72:15–73:1). The carriage was stationary at that time. (Dkt. No. 26-3 at 39:1–2; Dkt. No. 26-7 at 53:7–9, 55:1–5, 76:22–77:1).

Meanwhile, a Costco employee named Richard Borgatti began transporting a large, heavy, boxed item on a flatbed cart from an aisle near the rear of the store to the front of the store for a customer. (Dkt. No. 26-7 at 36:22–37:16, 46:6–21, 50:5–19, 83:16–84:15). The item—an unassembled, still-packaged gazebo or pergola structure for outdoor entertaining—was packaged in two long boxes, which exceeded the length of the flatbed cart by approximately two feet. (Dkt. No. 26-7 at 42:22–44:7, 48:5–49:5, 50:3–4). As Mr. Borgatti began to make his way down one of the main aisles pushing the flatbed, he did not see a shopping carriage in the aisleway and therefore believed he had a clear path to the front of the store. (Dkt. No. 26-7 at 50:11–52:11, 101:1–9). As he continued, however, he noticed part of Plaintiff's shopping carriage sticking out into the aisle. Mr. Borgatti thought he could steer around it, but as he attempted to do so, part of either the flatbed or the pergola boxes made

2

contact with the shopping cart, pushing the cart forward and causing it to hit Plaintiff's lower back. (Dkt. No. 26-7 at 38:1–3, 50:20–51:2, 53:1–54:9, 55:6–8, 56:12–21, 101:1–9). Surveillance footage of the incident depicts that it occurred within six to sixteen seconds of Plaintiff stopping at the display table and turning his back to the shopping carriage. (Dkt. No. 26-3 at 70:1–12, 72:4–18, 73:2–15, 78:22–24, 82:11–83:2). After the incident, Plaintiff, his wife, and Mr. Borgatti went to the front of the store and reported the incident to a manager. (Dkt. No. 26-3 at 50:8–11, 86:8–11; Dkt. No. 26-4 at 14:9–13; Dkt. No. 26-7 at 62:2–17).

## II. Legal Standard

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Bellone v. Southwick-Tolland Reg'l Sch. Dist.*, 748 F.3d 418, 422 (1st Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). An issue is "genuine" when the evidence is such that a reasonable fact-finder could resolve the point in favor of the non-moving party, and a fact is "material" when it might affect the outcome of the suit under the applicable law. *See Morris v. Gov't Dev. Bank*, 27 F.3d 746, 748 (1st Cir. 1994); *Patco Constr. Co., Inc. v. People's United Bank,* 684 F.3d 197, 206–07 (1st Cir. 2012). The moving party can succeed on a motion for summary judgment by showing that "there is an absence of evidence to support the nonmoving party's position." *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990).

After the moving party shows the absence of any disputed material fact, the non-moving party bears the burden of placing at least one material fact into dispute. *See Mendes v. Medtronic, Inc.*, 18 F.3d 13, 15 (1st Cir. 1994) (discussing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The non-moving party "can forestall summary judgment by presenting definite, competent evidence demonstrating the existence of a genuine dispute about a material fact." *Murray v. Kindred Nursing Centers West LLC*, 789 F.3d 20, 25 (1st Cir. 2015) (citation and internal quotation marks omitted). When ruling on a motion for summary judgment, the court must construe the facts in the light most favorable to the non-

moving party. *See Benoit v. Tech. Mfg. Corp.*, 331 F.3d 166, 173 (1st Cir. 2003). However, "it is well settled that '[t]he mere existence of a scintilla of evidence'" is insufficient to defeat a properly supported motion for summary judgment. *Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 18 (1st Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). "[I]n the face of the defendant's properly supported motion for summary judgment, the plaintiff [can]not rest on his allegations," but must present "significant probative evidence" on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 249 (internal citation omitted).

### III. Discussion

Plaintiff appears to assert four theories for his negligence claim arising from the May 3, 2018 incident. Plaintiff contends Mr. Borgatti, the Costco employee, was negligent in operating the flatbed cart by (1) moving at a high speed, (2) deciding to continue to move the oversized item down a busy aisle even after he noticed Plaintiff's carriage sticking out, and (3) failing to warn customers that he was passing by.[2] Plaintiff also argues (4) Defendant negligently failed to train Mr. Borgatti on how to safely operate a flatbed cart.

With respect to his first theory, Plaintiff argues that Mr. Borgatti was not operating the flatbed in a reasonably safe manner because he was moving at an unreasonably high speed such that he was "out of control." However, Mr. Borgatti repeatedly testified that he was moving slowly down the aisle, as he always did when transporting a large item and as he was trained to do. (Dkt. No. 26-7 at 37:17–

---

[2] To the extent Plaintiff attempts to advance any other negligence theories in his opposition papers, the court declines to address them. "It is well-settled that plaintiffs may not 'raise new and unadvertised theories of liability for the first time in opposition to a motion for summary judgment.'" *Ellis v. N. Andover Pub. Sch.*, 569 F. Supp. 3d 61, 65 (D. Mass. 2021) (quoting *Miranda-Rivera v. Toledo-Davila*, 813 F.3d 64, 76 (1st Cir. 2016)). "To rule otherwise would be to turn an orderly marshalling of the reasons for and against dismissal of a claim into a game of whack-a-mole, with seriatim summary judgment proceedings not ending until the defendant manages to guess every possible legal theory upon which a plaintiff might rely to support a claim." *Snyder v. Collura*, 812 F.3d 46, 51 (1st Cir. 2016); *see also Miranda-Rivera*, 813 F.3d at 76 ("Allowing a plaintiff to proceed on new, unpled theories after the close of discovery would prejudice defendants, who would have focused their discovery efforts on the theories actually pled."). The complaint in this case is, at best, sparse and permits a fair reading of only the theories identified by the court here. Though the complaint only specifically pleads failure to warn and failure to train, the court concludes the other two theories were constructively pled and developed during the course of litigation as Defendant anticipated such theories in its summary judgment motion. (*See* Dkt. No. 25 at 9–10, 11, 12); *Katz v. Belveron Real Estate Partners, LLC*, 28 F.4th 300, 309–10 (1st Cir. 2022).

24, 59:3–24 101:18–102:19). A nearby employee who witnessed the accident confirmed Mr. Borgatti was not going fast. (Dkt. No. 33-2 at 14:1–11). Moreover, Plaintiff concedes that neither he nor his wife saw Mr. Borgatti pushing the flatbed before the incident occurred and therefore did not observe his speed prior to the incident. (Dkt. No. 26-3 at 41:10–11, 43:3–5; Dkt. No. 26-4 at 17:14–17). Although Plaintiff speculates that Mr. Borgatti was going too fast for what he could handle, Plaintiff admits he did not personally know Mr. Borgatti before the incident and thus was not aware of what his physical capabilities were. (Dkt. No. 26-3 at 60:22–61:1). Indeed, Mr. Borgatti testified that he had no physical difficulty pushing the flatbed cart with the pergola boxes on the day of the incident. (Dkt. No. 26-7 at 100:9–11).

In short, Plaintiff offers no evidence to contradict Mr. Borgatti's testimony or to support his assertion that Mr. Borgatti was going unreasonably fast aside from rank speculation. Plaintiff essentially asks the court to draw the speculative and wholly unsupported inference that, because an accident occurred, Mr. Borgatti must have been moving too fast with the flatbed cart. Negligence, however, requires something more than a mere accident. *See Donahoe v. Maggiano's Holding Corp.*, 440 F. Supp. 3d 92, 98 (D. Mass. 2020) ("Negligence cannot be established simply because there has been an accident."); *see also Michnik-Zilberman v. Gordon's Liquor, Inc.*, 453 N.E.2d 430, 435 (Mass. 1983); *Osborne v. Hemingway Transp., Inc.*, 550 N.E.2d 403, 405 (Mass. App. Ct. 1990). And pure speculation does not constitute admissible "evidence" capable of precluding summary judgment. *See Garmon v. Nat'l R.R. Passenger Corp.*, 844 F.3d 307, 315 (1st Cir. 2016) (explaining that "unsupported, speculative assertions . . . are insufficient to present a material issue of fact meriting trial"). Plaintiff bears the burden of proving by a preponderance of the evidence that Defendant or its employee breached a duty of care by acting objectively unreasonably under the circumstances, foreseeably causing harm. *See Glidden v. Maglio*, 722 N.E.2d 971, 973 (Mass. 2000); *Fithian v. Reed*, 204 F.3d 306, 309 (1st Cir. 2000). Here, there is simply insufficient evidence that Mr. Borgatti was pushing the flatbed cart at an unreasonably high

rate of speed. Because Plaintiff lacks sufficient evidence to demonstrate an essential element of his claim, summary judgment for Defendant on this theory is appropriate. *See Celotex Corp.*, 477 U.S. at 322 (A court may enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."); *Rogers*, 902 F.2d at 143 (moving party can obtain summary judgment where it shows there is an "absence of evidence to support the nonmoving party's position").

Second, Plaintiff contends Mr. Borgatti negligently operated the flatbed by choosing to transport a large, heavy item overhanging a flatbed cart by several feet down a main aisle while the store was busy and choosing to continue his journey after he noticed Plaintiff's shopping carriage protruding into the aisle. The parties do not dispute the underlying facts here: both Plaintiff and Mr. Borgatti testified the store was busy that day, the boxed pergola extended over the front of the flatbed by approximately two feet, and at some point as he made his way down the main aisle, Mr. Borgatti noticed Plaintiff's cart sticking out and decided to continue because he thought he could get around it. As the parties no doubt recognize, "the standard by which a party's performance is measured is the conduct expected of an ordinarily prudent person in similar circumstances." *Kurtz v. Kripalu Ctr. For Yoga & Health, Inc.*, No. 3:17-cv-30109, 2019 WL 454594, at *6 (D. Mass. Feb. 5, 2019) (quoting *Toubiana v. Priestly*, 520 N.E.2d 1307, 1310 (Mass. 1988)). Whether a party acted reasonably under the circumstances—that is, whether a party was negligent—is a question generally reserved for the jury. Summary judgment is appropriate only "when no rational view of the evidence permits a finding of negligence." *Koski v. Dollar Tree Stores, Inc.*, 454 F. Supp. 3d 118, 120 (D. Mass. 2020) (quoting *Roderick v. Brandy Hill Co.*, 631 N.E.2d 559, 560 (Mass. 1994)). Because the evidence regarding transport of the oversized pergola down the main aisle despite, at some point, seeing a shopping cart obstructing the path could lead a jury to find that Mr. Borgatti acted negligently, summary judgment on this theory is denied.

Plaintiff next argues that Mr. Borgatti acted unreasonably by failing to warn Costco shoppers that he was passing by with a large, heavy item. Upon review of the record, the court finds there remains a genuine dispute of material fact regarding this theory of liability such that summary judgment is not warranted. Mr. Borgatti testified that he always shouted "coming through" when transporting items through the store and that he specifically recalls doing so on that day, including a mere few seconds before the contact occurred. (Dkt. No. 26-7 at 37:17–20, 50:11–21, 94:4–21, 105:1–4). That testimony is corroborated by two fellow employees in the vicinity at the time, who each verified they heard Mr. Borgatti's voice prior to the incident. (Dkt. No. 33-1 at 19:1–15; Dkt. No. 33-2 at 35:21–36:1).[3] Plaintiff asserts, however, that neither he nor his wife heard Mr. Borgatti's alleged warning. While Plaintiff admits he is hard of hearing, uses hearing aids, and cannot recall whether he was wearing his hearing aids that day, Plaintiff's wife testified that she has good hearing and would have heard a warning if it were given. (Dkt. No. 26-3 at 8:18, 35:24, 45:2–17; Dkt. No. 26-4 at 17:18–23).[4] Because there is a genuine dispute of material fact, summary judgment in favor of Defendant on Plaintiff's failure-to-warn theory is denied. *See Patco Constr. Co., Inc.,* 684 F.3d at 206–07 ("A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party.").

As to the final theory—failure to properly train—Plaintiff has identified sufficient evidence to create a jury question.[5] Specifically, Mr. Borgatti testified he was given on-the-job training regarding

---

[3] Plaintiff mischaracterizes the employees' deposition testimonies, claiming that neither could make out what Mr. Borgatti was saying prior to the accident. However, the employees' testimony does not reflect an inability to discern Mr. Borgatti's words at the time they were said; the employees simply could not recall his precise words at the time they were deposed, over two and a half years after the incident occurred.

[4] Plaintiff's wife also explained the reason they were visiting Costco that day was to obtain an "adjustment" on his hearing aids. (Dkt. No. 26-4 at 15:4–7).

[5] To the extent Plaintiff asserts summary judgment should be denied because Defendant has not introduced any proof that it provided training to its employees regarding safe and proper use of a flatbed cart, the court rejects this argument. Accepting Plaintiff's argument would effectively invert the applicable burden of proof. As Defendant correctly points out, it is Plaintiff's burden to proffer evidence to support this element of his failure-to-train theory. *See Kurtz,* 2019 WL 454594, at *6 (plaintiff bears burden to show breach element of negligent failure-to-train claim as well as causal connection between

how to operate a flatbed cart and that he was acting pursuant to that training on the day of the incident. He testified that he was shown by a floor supervisor how to use a flatbed cart; he was trained to use a flatbed cart to transport long, overhanging items; and he received no classroom or formal training. (Dkt. No. 26-7 at 85:21–86:5, 91:9–92:17, 93:11–17, 101:18–102:19; *see also* Dkt. No. 33-1 at 15:19–16:3). Moreover, neither Mr. Borgatti nor the other Costco employees deposed in this case recall receiving any written instruction regarding how to operate a flatbed cart, such as a manual or policy and procedures book. (Dkt. No. 26-7 at 96:23–97:2; Dkt. No 33-2 at 35:16–20, 40:8–11). Based on this evidence, a jury could reasonably conclude that Defendant negligently provided inadequate training regarding safe use of a flatbed cart. Further, drawing all reasonable inferences in Plaintiff's favor, the court finds that a jury could credit Mr. Borgatti's testimony that he was acting in accordance with his training on the date of the incident, such that Defendant's negligent training caused the accident to occur. Accordingly, summary judgment on Plaintiff's failure-to-properly-train theory is denied.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (Dkt. No. 24) is granted in part and denied in part. An initial pretrial conference is scheduled for February 1, 2023 at 10:30 a.m.

It is So Ordered.

      /s/ Mark G. Mastroianni
    MARK G. MASTROIANNI
    United States District Judge

---

any training deficiency and the harm suffered); *Lahey v. Aiken*, 81 N.E.3d 825 (Mass. App. Ct. 2017) (table) ("Plaintiffs have the burden of proving every element of their negligence claim[,]" including failure to train.). Nevertheless, the court finds that Plaintiff has identified enough evidence suggesting potentially inadequate training to preclude summary judgment.